Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4774 | **DATE** | 5/31/2012 |
| **CASE TITLE** | Lanphere vs. 1 Corp., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's objections [68] to Magistrate Judge Gilbert's April 23, 2012 Report and Recommendation [65] are overruled and the Report and Recommendation is adopted, subject to the slight modification/elaboration noted below.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

By way of background, this case recently was transferred from Judge Hibbler's docket, first to Judge Hart's docket [see 62] and then to this Court's docket [see 63]. While the case was pending before Judge Hibbler, Defendants' motion to strike Plaintiff's second amended complaint and reinstate Defendants' Rule 11 motion [47] was referred to the calendar of Magistrate Judge Gilbert for a ruling [see 58].

On April 23, 2012, Judge Gilbert issued a Report and Recommendation [65] setting forth his recommended disposition of Defendants' motion. Plaintiff timely filed objections to the Report and Recommendation [68], to which Defendants have responded [73]. Specifically, Plaintiff argues that Magistrate Judge Gilbert erred in (1) granting Defendants' request that Plaintiff pay attorneys' fees and costs for duplicative discovery necessitated by the filing of the second amended complaint, and (2) denying Plaintiff's request that Defendants pay attorneys' fees and costs that Plaintiff incurred in responding to Defendants' motion to strike the second amended complaint.

Plaintiff does not specifically address the applicable standard of review that the Court should employ in considering his objections to the Report and Recommendation. Defendants contend that because the issues presented to Judge Gilbert were nondispositive, his ruling should be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). If the clear error standard of review applies, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The complicating factor here is that Magistrate Judge Gilbert issued a Report and Recommendation – in other words, a recommended disposition – rather than an order actually disposing of the motion. In this procedural posture, Judge Feinerman recently determined that the issuance of a Report and Recommendation instead of an Order on a nondispositive

| STATEMENT |
|---|

motion triggered *de novo* review of the portions of the Report and Recommendation to which timely objections were made. *United Central Bank v. Kanan Fashions, Inc.*, 2011 WL 4396856, at *2 (N.D. Ill. Sept. 21, 2011). The Court need not definitively opine as to which standard should apply generally to the hybrid circumstance presented by a Report and Recommendation on a nondispositive issue because, at least in this instance, the Court would adopt the Magistrate Judge's recommendations even under a *de novo* standard, although the Court does so with some minor modifications (or more accurately, elaborations) set forth below.

Plaintiff's first objection—that Magistrate Judge Gilbert erred in granting Defendants' request that Plaintiff pay attorneys' fees and costs for duplicative discovery—argues that the Report and Recommendation fails to reference what changes in the Second Amended Complaint require additional discovery. But as Defendants argue, the Report and Recommendation notes that the Second Amended Complaint alleges new and/or contrary facts and that there were matters alleged in the Second Amended Complaint that were not contained in Plaintiff's earlier pleadings. [65, at 10-11]. Judge Gilbert specifically referenced some of the new allegations [*id*. at 10 n.3]; Defendants have made note of several others in their response brief [73, at 4-6]. On the basis of those new allegations, Judge Gilbert concluded that "Plaintiff likely will have to be re-deposed in light of the new and/or contrary facts alleged in the Second Amended Complaint" and recommended imposing on Plaintiff an obligation "to pay Defendants' attorneys' fees and costs *necessitated* by his second deposition." [65, at 11 (emphasis added)]. Judge Gilbert also recommended that although Defendants had not yet "identified any other *particularized* costs that will be duplicated," Defendants should be given the opportunity to request reimbursement for any costs associated with "any other discovery that will have to be duplicated or re-done because of Plaintiff's filing of his Second Amended Complaint." [*Id*.]

This Court agrees with the lines drawn by Magistrate Judge Gilbert. However, in view of its authority to "modify the recommended disposition" (see Fed. R. Civ. P. 72(b)(3)), this Court adds the following by way of elaboration on Judge Gilbert's explanation. In this Court's view, the key words in Judge Gilbert's ruling are "necessitated" and "particularized." Those words sensibly impose, although in a general way, the kinds of "limitations and/or safeguards to prevent the Defendants from intentionally running up the costs and fees" or "shift[ing] those inflated costs and fees" to Plaintiff "to inflict financial harm upon him." [68, at 3]. While it is impossible for either Judge Gilbert or the undersigned judge to anticipate precisely how the altered course of this litigation occasioned by the filing of the second amended complaint will play out in regard to any need to redepose Plaintiff or otherwise engage in duplicative discovery, Judge Gilbert's ruling means that fee shifting will be imposed only as to those costs that the Court determines are "necessitated" by the need to take a second deposition of Plaintiff or establish "particularized" duplicative discovery. If a second deposition is requested and taken, or if prior document requests are revisited, Defendants will be forced to justify any request for fees in a motion. Thus, Defendants themselves bear the risk that cost shifting will be rejected – or even imposed the other way – as to additional work that the Court deems to be excessive or unnecessary. For all of these reasons, the Court overrules Plaintiff's first objection and adopts Magistrate Judge Gilbert's recommendation, as elaborated upon above, in regard to fee shifting in the event of duplicative discovery occasioned by the filing of Plaintiff's second amended complaint.

Plaintiff's second objection—that Magistrate Judge Gilbert erred in not granting Plaintiff attorneys' fees and costs incurred in having to respond to Defendants' motion to strike the second amended complaint—argues that Plaintiff is entitled to fees and costs incurred in responding to Defendants' motion. But as Defendants note, the denial of a motion, without more, is insufficient to show that party did not have a reasonable basis for the motion and is not grounds for an award of fees incurred in responding to that motion. Fed. R. Civ. P. 11(b); *XCO Int'l Inc. v. Pac. Scientific Co*., 2003 WL 2006595, at *7 (N.D. Ill. Apr. 25, 2003) (denying

| STATEMENT |
|---|

motion for attorneys fees because "while XCO did not prevail on its motions, such motions had a reasonable bases in fact and law"). Moreover, in this case, Judge Gilbert recommended that the Defendants' motion be *granted in part*, which indicates that the motion was founded at least in part. Contrary to Plaintiff's contentions, Judge Gilbert's recommendations – which the Court accepts – neither found the motion to strike nor the Rule 11 motion baseless; rather, Judge Gilbert sensibly deferred to Judge Hibbler's decision to allow the second amended complaint to go forward [see 46] and postponed further consideration of at least some of the "contentions in support of [Defendants'] Rule 11 motion" to "an appropriate time" in the future. [See 65, at 9]. Plaintiff's second objection therefore also is overruled and Magistrate Judge Gilbert's recommendation denying Plaintiff's request for attorneys' fees and costs in connection with his response to the motion to strike is adopted.

Finally, in regard to those aspects of the Report and Recommendation as to which no specific objection was made, the Court agrees with and accepts Magistrate Judge Gilbert's recommendations in their entirety.

In sum, Plaintiff's objections [68] to Magistrate Judge Gilbert's April 23, 2012 Report and Recommendation [65] are overruled and the Report and Recommendation is adopted, subject to the slight modification/elaboration noted above.